# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:23-cv-00632-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

　　　　In 2010, Petitioner was convicted by a jury of first-degree murder with the special circumstance finding that the murder was intentional and occurred while Petitioner was an active participant in a criminal street gang and the murder was carried out to further the activities of the gang. Petitioner was sentenced to an imprisonment term of twenty-five years to life. (ECF No. 1 at 44.)[1]

　　　　In 2019, Petitioner filed a petition for resentencing pursuant to California Criminal Code section 1170.95. The superior court summarily denied the petition at the prima facie stage. (ECF

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  No. 1 at 44.) Petitioner appealed, and the California Court of Appeal, Fifth Appellate District
2  affirmed the denial in a reasoned decision on February 18, 2022. (Id. at 43–54.) The California
3  Supreme Court denied the petition for review on April 27, 2022. (Id. at 56.)

4  On April 24, 2023, Petitioner filed the instant petition for writ of habeas corpus that
5  challenges the state courts' denial of relief, asserting that his due process and equal protection
6  rights were violated by the superior court summarily denying Petitioner's petition for
7  resentencing and denying the opportunity for an evidentiary hearing. (ECF No. 1.)

**II.**

**DISCUSSION**

10  Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary
11 review of a habeas petition and allows a district court to dismiss a petition before the respondent
12 is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that
13 the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254
14 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

15  By statute, federal courts "shall entertain an application for a writ of habeas corpus in
16 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he
17 is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
18 § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person
19 applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other*
20 *federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson
21 v. United States, 530 U.S. 428, 439 n.3 (2000).

22  In the instant petition, Petitioner asserts that he is entitled to relief pursuant to California
23 Senate Bills 1437 and 775 and challenges the state courts' denial of relief, arguing that his due
24 process and equal protection rights were violated by the superior court summarily denying
25 Petitioner's petition for resentencing and denying the opportunity for an evidentiary hearing.
26 (ECF No. 1.) These are issues of state law, and errors of state law generally do not warrant
27 federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is
28 only noncompliance with federal law that renders a State's criminal judgment susceptible to

1    collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We
2    have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'
3    Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-
4    court determinations on state-law questions." (citations omitted)). Petitioner may not "transform
5    a state-law issue into a federal one merely by asserting a violation of due process," Langford v.
6    Day, 110 F.3d 1380, 1389 (9th Cir. 1996), and Petitioner "cannot establish an equal protection
7    claim warranting habeas relief, simply because, or if, the [state court] misapplied [California]
8    law or departed from its past precedents," Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir.
9    2006). See Beck v. Washington, 369 U.S. 541, 554–55 (1962) ("We have said time and again
10   that the Fourteenth Amendment does not assure uniformity of judicial decisions . . . [or]
11   immunity from judicial error . . . . Were it otherwise, every alleged misapplication of state law
12   would constitute a federal constitutional question." (citations and internal quotation marks
13   omitted) (alterations in original)).
14        Nevertheless, a state court's misapplication of state law may give rise to federal habeas
15   corpus relief if a petitioner can demonstrate that the error was "so arbitrary or capricious as to
16   constitute an independent due process or Eighth Amendment violation." Lewis v. Jeffers, 497
17   U.S. 764, 780 (1990). California Senate Bill 1437 amended the law to allow persons convicted of
18   murder under a felony-murder or natural and probable consequences theory to petition to have
19   their conviction vacated and be resentenced if the person was "not the actual killer, did not act
20   with the intent to kill, or was not a major participant in the underlying felony who acted with
21   reckless indifference to human life." People v. Gentile, 10 Cal. 5th 830, 842, 847 (2020) (internal
22   quotation mark and citation omitted). Senate Bill 775 expanded those provisions to apply to
23   persons with attempted murder or manslaughter convictions. See People v. Delgadillo, 14 Cal.
24   5th 216, 223 n.3 (2022), as modified (Feb. 15, 2023). In a reasoned decision, the California
25   Court of Appeal found that "the verdict establishes petitioner was not found guilty under [the
26   natural and probable consequences] theory, but rather based on his own intent to kill the victim"
27   because "[t]o find the [gang] special circumstance true, the jury was required to find petitioner
28   intended to kill the victim." (ECF No. 1 at 54, 52.) The California Court of Appeal also rejected

the argument that the prosecution proceeded under a theory of felony murder. (ECF No. 1 at 54.) Here, Petitioner was not convicted under a felony murder or natural and probable consequences theory, nor was he convicted of attempted murder or manslaughter. Accordingly, the state court's determination that Petitioner was not eligible for relief under California Senate Bills 1437 and 775 was not arbitrary or capricious, and Petitioner is not entitled to federal habeas corpus relief.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 8, 2023**

UNITED STATES MAGISTRATE JUDGE